1

2

3

4

5

6

7                         UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    VIJAY BHUSHAN,                           No.  2:22-cv-1060 WBS KJN P

11                    Plaintiff,

12          v.                                  ORDER

13    L. LOPEZ,

14                    Defendant.

15

16          Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

17    This action is set for a settlement conference before Magistrate Judge Claire on May 25, 2023.

18          Plaintiff filed a motion requesting that the court appoint counsel.  District courts lack

19    authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v.

20    United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may

21    request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell

22    v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

23    (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

24    consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

25    articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

26    Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

27    appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

28    Circumstances common to most prisoners, such as lack of legal education and limited law library

1

1   access, do not establish exceptional circumstances that warrant a request for voluntary assistance

2   of counsel.

3         Having considered the factors under <u>Palmer</u>, the court finds that plaintiff failed to meet his

4   burden of demonstrating exceptional circumstances warranting the appointment of counsel at this

5   time.

6         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

7   counsel (ECF No. 19) is denied without prejudice.

8   Dated:  March 2, 2023

9

10                                  KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE

11

12   bhus1060.31

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                               2